**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| ARMANDO BALANQUET, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:12CV1017 |
| | ) | |
| THOMAS ASBELL,[1] | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

**Auld, Magistrate Judge**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) On April 6, 2011, in the Superior Court of Guilford County, Petitioner pled guilty to habitual misdemeanor assault, injury to personal property, resisting a public officer, assault on a government official, fleeing to elude arrest, felony possession of cocaine and habitual felon status in cases 10 CRS 94061 through 94063, 11 CRS 24223, and 11 CRS 65475 through 65477. (Docket Entry 1, ¶¶ 1, 2, 4-6; see also Docket Entry 7, Exs. 1, 2.) The trial court consolidated the offenses into one Class C felony and sentenced Petitioner, in accordance with the plea arrangement, in the mitigated range of 60 to 81 months in prison. (Docket Entry 1, ¶ 3; see also Docket Entry 5, Exs. 2-4.) Petitioner did not pursue a direct appeal. (Docket Entry 1, ¶ 8.)

---

[1] Petitioner is currently housed at Greene Correctional Institution. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Thomas Asbell, the Administrator of said facility, automatically replaces Joyce Kornegay as Respondent in this matter.

Petitioner then filed a motion for appropriate relief ("MAR") with the state trial court on November 2, 2011, which the trial court denied by order on January 30, 2012. (See Docket Entry 7, Ex. 9 (indicating date filed and denied)).[2] Petitioner did not appeal the trial court's denial of his MAR.

Petitioner thereafter submitted a pro se petition for a writ of habeas corpus to the state trial court (Docket Entry 1 at 5-6, 7, 9, 15-24; see also Docket Entry 7, Ex. 8),[3] which the trial court accepted as filed on May 4, 2012[4] (see Docket Entry 7, Ex. 9 at 2 (indicating date filed)).[5] The trial court treated the petition as another MAR and summarily denied it by order dated June 8, 2012, and filed June 11, 2012. (Docket Entry 1 at 5-6, 7, 9, 25; see also Docket Entry 7, Ex. 9.)

---

[2] Neither party submitted copies of that MAR or the related order of denial to the Court.

[3] For portions of the Petition lacking paragraph numbers, pin citations refer to the page number in the footer appended to said document by the CM/ECF system.

[4] The materials before the Court in this case contain two different versions of Petitioner's state habeas petition. (Compare Docket Entry 1 at 15-24, with Docket Entry 7, Exs. 8, 10.) The version attached to the Petition bears a signature date of August 27, 2012 (Docket Entry 1 at 18), and the copy attached to Petitioner's certiorari petition reflects a signature date of July 25, 2012 (Docket Entry 7, Ex. 8 at 5; Ex. 10 at 10). As Respondent notes in his memorandum in support of his instant Motion for Summary Judgment, these dates appear to coincide with the date Petitioner submitted the documents to which the habeas petition was attached, i.e., the instant Petition and the certiorari petition, rather than the date he actually submitted the habeas petition to the state trial court. (Docket Entry 7 at 2 & n.3.) Notwithstanding these discrepancies as to the date Petitioner signed the habeas petition, the trial court's order denying the petition reflects that the trial court accepted the petition as filed on May 4, 2012. (Docket Entry 7, Ex. 9 at 2.)

[5] For attachments to Respondent's memorandum in support of his instant Motion for Summary Judgment, pin citations refer to the page number in the footer appended to said document by the CM/ECF system.

Petitioner then filed a pro se petition for a writ of certiorari with the North Carolina Court of Appeals (Docket Entry 1 at 6, 7-8, 9; see also Docket Entry 7, Ex. 10), which he dated as submitted on July 25, 2012 (Docket Entry 7, Ex. 10 at 5, 6), and the Court of Appeals stamped as filed on July 27, 2012 (id. at 2). The Court of Appeals denied Petitioner's certiorari petition by order dated August 6, 2012. (Docket Entry 7, Ex. 12.)

Petitioner thereafter submitted his Petition in this Court (Docket Entry 1), which he dated as signed on August 27, 2012 (id. at 14), and which the Court stamped as filed on September 12, 2012 (id. at 1). Respondent moved for summary judgment on the merits (Docket Entry 6) and Petitioner has not responded in opposition despite notice from the Clerk of Court pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (see Docket Entry 8; Docket Entries dated Nov. 19, 2012, to present). The parties have consented to disposition of this case by a United States Magistrate Judge. (Docket Entry 10.)

## Claims

Petitioner raises three claims for relief in his Petition: (1) the state trial court erred by sentencing Petitioner as a habitual felon; (2) the trial court erred by failing to find that Petitioner's habitual felon indictment had been dismissed; and (3) the trial court erred "in its finding and ruling and did not address this claim." (Docket Entry 1 at 5, 6-7, 8.)

-3-

## Standard of Review

Where a petitioner's claims were adjudicated by the state courts on their merits, this Court must apply 28 U.S.C. § 2254(d)'s highly deferential standard of review to such claims. That statute precludes habeas relief in cases where a state court has considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as set out by the United States Supreme Court or the state court decision was based on an unreasonable determination of the facts. A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407. "Unreasonable" does not mean simply "incorrect" or "erroneous" and the Court must judge the reasonableness of the state court's decision from an objective, rather than subjective, standpoint. Id. at 409-11. Finally, state court findings of fact are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**Discussion**

**I. Claim One**

Petitioner first claims that the trial court erred by sentencing him as a habitual felon, because (1) he did not plead guilty to being a habitual felon; and (2) the judgment and commitment form does not reflect that he was adjudged as a habitual felon. (Docket Entry 1 at 5, 16.) Petitioner presented this claim to the state trial court in his habeas petition (Docket Entry 7, Ex. 8) and that court denied the claim on its merits (id., Ex. 9). The Court has reviewed the state trial court's decision under the deferential standard of review in 28 U.S.C. § 2254(d) and finds that decision neither contrary to nor an unreasonable application of established United States Supreme Court precedent or an unreasonable determination of the facts in light of the evidence presented.

"[R]epresentations of the defendant, his lawyer, and the prosecutor at . . . a [plea] hearing as well as any findings made by the judge accepting the plea constitute a formidable barrier in subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Under the system utilized in North Carolina for decades, a petitioner challenging his plea "necessarily . . . assert[s] that not only his own transcribed responses, but [also] those given by two lawyers, were untruthful . . . ." Id. at 80 n.19. "In the absence of clear and convincing evidence to the contrary, [a petitioner] must be bound by what he said at the time

-5-

of the plea." Little v. Allsbrook, 731 F.2d 238, 239 & n.2 (4th Cir. 1984).

Here, Petitioner's transcript of plea form demonstrates that Petitioner did, in fact, plead guilty to habitual felon status. (Docket Entry 7, Ex. 1) In paragraph 12, the form asks, "Do you understand that you are pleading guilty to the charges shown below?" (Id. at 3.) Petitioner answered this question, under oath, "Yes." (Id.) The seven charges listed below to which Petitioner pleaded guilty include "Habitual Felon," a Class C felony. (Id.) In paragraphs 13 and 14, Petitioner reaffirmed that he was pleading guilty to the listed charges and that he was, in fact, guilty. (Id.) Finally, in paragraph 20, Petitioner admitted, under oath, that his plea arrangement provided that (1) he would receive a "sentence of 60-81 months"; (2) he would stipulate to "a record level III for sentencing as an Habitual Felon"; and (3) the State would dismiss his stoplight violation and open container charges. (Id. at 4.) Petitioner's attorney and the prosecutor each certified as correct the terms and conditions stated on the transcript of plea form. (Id.) Petitioner's conclusory and unsupported statements that he did not plead guilty to habitual felon status (Docket Entry 1 at 16) fall far short of the "clear and convincing evidence" necessary for this Court to disregard his sworn and unambiguous statements, and those of his counsel and the prosecutor, to the contrary at the plea hearing. Allsbrook, 731 F.2d at 239 & n.2.

Petitioner's assertion that the judgment and commitment form does not reflect that he was adjudged as a habitual felon similarly lacks merit. Although the trial court did not check the box next to paragraph 5 on that form, which indicates that the court "adjudges the defendant to be an habitual felon to be sentenced as a Class C felon pursuant to Article 2A of G.S. Chapter 14," other areas of the form make abundantly clear that the trial court properly convicted Petitioner as a habitual felon. (Docket Entry 7, Ex. 2.) First, the form's list of charges to which Petitioner pleaded guilty includes the charge of habitual felon. (Id. at 2, 4.) In addition, the form reflects that Petitioner received a sentence of 60 to 81 months in prison, i.e., the exact sentence to which he agreed in the plea arrangement wherein he stipulated to sentencing as a prior record level III habitual felon. (Id. at 2; see also Docket Entry 7, Ex. 1 at 4.)

At a minimum, the state trial court's decision rejecting this claim was not contrary to established Supreme Court precedent, an unreasonable application of such precedent, or an unreasonable determination of the facts in light of the evidence presented. In sum, Claim One lacks merit.

**II. Claim Two**

Petitioner's second claim alleges that the state trial court erred by failing to find that Petitioner's habitual felon indictment had been dismissed. Petitioner raised this claim in his habeas petition before the state trial court (Docket Entry 7, Ex. 8), and that court denied the claim as follows:

-7-

> [Petitioner] . . . contends that he should not have been sentenced as a habitual felon inasmuch as the state took a voluntary dismissal of the habitual felon indictment set forth in 10 CRS 24839. This contention is fatally flawed as the record clearly reflects that the sentence and judgment incorporated the habitual felon indictment returned by the grand jury in 10 CRS 24223, which was not dismissed by the state or by the court. Thus, [Petitioner]'s contentions are without merit . . . .

(id., Ex. 9). The trial court's decision is, in pertinent part, correct. Although the State did dismiss the habitual felon indictment in case 10 CRS 24389 (id., Exs. 5, 6), neither the State nor the trial court dismissed the habitual felon information in case 11 CRS 24223, which served as a basis of Petitioner's guilty plea and conviction as a habitual felon (id., Ex. 7).[6] Petitioner clearly knew of this information, as he and his counsel signed the waiver at the bottom of page 2 of the information, which reads, "I, the undersigned defendant, waive the finding and return of a Bill of Indictment into Court and agree that the case may be tried upon the above information." (Id. at 3.)

In sum, the state trial court's decision rejecting Petitioner's claim that was neither contrary to nor an unreasonable application of established Supreme Court precedent and did not constitute an unreasonable determination of the facts in light of the evidence presented. Claim Two thus lacks merit.

---

[6] The trial court's decision contains scrivener's errors referring to the case number as "10 CRS 24223" rather than 11 CRS 24223 and referencing a habitual felon "indictment" in that case rather than an information. (Docket Entry 7, Ex. 9.) In view of the Petitioner's signed waiver on the information (id., Ex. 7 at 3) and the information's inclusion in the list of charges to which Petitioner pleaded guilty on the judgment and commitment form (id., Ex. 2), these matters have no material significance.

**III. Claim Three**

In his third claim, Petitioner reiterates his contentions from Claim One that the trial court did not have the authority to impose a sentence of 60 to 81 months in prison on him because the judgment and commitment form does not reflect a conviction for habitual felon status. For the reasons discussed in the Court's analysis of Claim One, this claim lacks merit.

Petitioner further asserts that the state trial court, in denying his habeas petition, relied on a "habitual felon indictment that Petitioner never received a copy of, and did not know existed" and further "erred in it[]s finding and ruling" because it "did not address" Petitioner's claim regarding the insufficiency of the judgment and commitment form. (Docket Entry 1 at 8.)[7] Petitioner's contention fails, because "[c]laims of error occurring in a state post conviction proceeding cannot serve as a basis of federal habeas corpus relief." Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988); accord Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008); Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998). Moreover, although the trial court in its order denying the habeas petition did mistakenly refer to an "indictment" in case "10 CRS 22423" (Docket Entry 7, Ex. 9), as previously discussed,

---

[7] Petitioner has failed to exhaust his state court remedies with respect to this claim, as he could not have raised the claim on direct appeal and has not raised it via MAR in the state courts. See Robinson v. Lewis, No. 5:12-HC-2021-F, 2013 WL 1182658, at *6 (E.D.N.C. Mar.21, 2013) (unpublished) (holding state remedies exhausted by either pursuing a direct appeal through the North Carolina Supreme Court or by filing a MAR in the state trial court and appealing its denial to the North Carolina Court of Appeals); Simpson v. Branker, No. 3:11-cv-348-RJC, 2012 WL 4321294, at *3 (W.D.N.C. Sept.20, 2012) (unpublished) (same). Nevertheless, the Court may deny this unexhausted claim on the merits. 28 U.S.C. § 2254(b)(2).

neither the State nor the trial court dismissed the habitual felon <u>information</u> in case 11 CRS 24223, which Petitioner signed and which served as a basis for Petitioner's conviction as a habitual felon (<u>id.</u>, Ex. 7). Claim Three lacks merit.

**IT IS THEREFORE ORDERED** that Respondent's Motion for Summary Judgment (Docket Entry 6) is **GRANTED,** that the Petition (Docket Entry 1) is **DENIED,** and that this action is **DISMISSED** pursuant to a contemporaneously entered judgment.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

May 29, 2013